IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :
    :
    :
    :
    vs.    :    CRIMINAL NO. 1:CR-06-0268
    :
DELMAR HARRIS,    :    (Judge Caldwell)
    Defendant    :
    :
    :

*M E M O R A N D U M*

I.  *Introduction*

In September 2006, Defendant, Delmar Harris, pled guilty to being a felon

in possession of a firearm, a violation of 28 U.S.C. § 922(g)(1).  In May 2016, he filed a

motion under 28 U.S.C. § 2255 to vacate the 180-month (15-year) sentence imposed on

him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).  The ACCA

requires a mandatory minimum sentence of fifteen years for a defendant who has been

convicted under 18 U.S.C. § 922(g) and who has three prior convictions for either a

"violent felony" or a "serious drug offense."

Defendant argued his sentence was no longer valid in light of *Johnson v.*

*United States*, ____ U.S. ____, 135 S.Ct. 2552, 192 L.Ed.2d 569 (2015).  In *Johnson*, the

Supreme Court struck down as unconstitutionally vague the residual clause in 18 U.S.C.

§ 924(e)(2)(B).  *Id.* at ____, 135 S.Ct. at 2557.  Subsection (e)(2)(B) defines a "violent

felony" for the purpose of determining whether a defendant qualifies for the fifteen-year

sentence mandated by the ACCA.[1]  Defendant argued that without the residual clause his

prior convictions no longer qualified him as an armed career criminal.[1]

> We agreed with Defendant that he had met his burden in 2255 proceedings

of showing that none of the prior convictions he challenged qualified him as an armed

career criminal.  *See United States v. Harris*, ____ F. Supp. 3d ____, 2016 WL 4539183

(M.D. Pa. 2016).  However, we gave the government the opportunity to produce *Shepard*

documents, *see Shepard v. United States,* 544 U.S. 13, 16, 125 S.Ct. 1254, 1257, 161

L.Ed.2d 205 (2005), showing under the modified categorical approach that any two or

more of the following convictions qualified Defendant as an armed career criminal: (1) a

June 1995 conviction for escape; (2) aggravated assault convictions from 1987 or 1995;

and (3) robbery convictions from June 1987 and February 1990.[2]

---

[1]  In pertinent part, subsection 924(e)(2)(B) defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that:

> (i) has as an element the use, attempted use, or threatened use
> of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, *or*
> *otherwise involves conduct that presents a serious potential risk*
> *of physical injury to another.*

Subsection (i) is the "elements" clause, also called the "force" clause.  That part of subsection (ii) listing burglary, arson, extortion, and crimes involving the use of explosives is called the enumerated-offenses clause. The italicized portion of subsection (ii) is the residual clause.

[2]  We only required that at least two of the prior convictions qualified because Defendant admitted he had a drug-trafficking offense which counted as a serious drug offense under the ACCA.

The government has produced some *Shepard* documents for the robbery convictions and argues that the crimes qualify as violent felonies so that Defendant's fifteen-year sentence under the ACCA remains valid.

II.   *Discussion*

A determination that a conviction is a violent felony is made under the "categorical approach." *United States v. Abbott*, 748 F.3d 154, 157 (3d Cir. 2014). Under that approach, the court "may look only to the elements of a defendant's prior conviction, not 'to the particular facts underlying those convictions.'" *Id.* (quoting *Descamps v. United States*, ____ U.S. ____, 133 S.Ct. 2276, 2283, 186 L.Ed.2d 438 (2013)). The elements of the crime of conviction must necessarily match the elements of a "violent felony" as defined in the ACCA. *Abbott*, 748 F.3d at 157. If the elements of the crime of conviction "cover a greater swath of conduct than the elements of the relevant ACCA offense," if the elements are broader than the ACCA offense, then the conviction does not qualify as a predicate offense under the ACCA. *Mathis v. United States*, ____ U.S. ___, ____, 136 S.Ct. 2243, 2251, 195 L.Ed.2d 604 (2016). Even if a defendant's "conduct fits within" the ACCA offense, "the mismatch of elements" disqualifies the conviction as a predicate offense. *Id.*

The modified categorical approach sometimes applies. Under that approach, the court can look beyond the elements of the prior conviction when the statutory crime is a divisible one, listing multiple alternative elements, *Abbott*, 748 F.3d at 157, so that the statute effectively creates several different crimes. *Descamps*, 133 S.Ct.

at 2285 (quoted case and internal quotation marks omitted).  The modified categorical

approach assists in identifying, "among several alternatives, the crime of conviction so

that the court can compare it to the" ACCA offense.  *Id.*  Thus, when a divisible statute is

involved, the court may look at *Shepard* documents, documents "beyond the face of the

statute [consisting of] the 'charging document, written plea agreement, transcript of plea

colloquy, and any explicit factual finding by the trial judge to which the defendant

assented' to determine which of the alternative elements was involved in the defendant's

conviction."  *Abbott*, 748 F.3d at 158 (quoting *Shepard v. United States,* 544 U.S. 13, 16,

125 S.Ct. 1254, 1257, 161 L.Ed.2d 205 (2005)).  Like the categorical approach, the

modified categorical approach focuses on identifying the crime of conviction, not on

discovering facts that could satisfy the elements of the ACCA offense.  *Descamps*, 133

S.Ct. at 2288, 2293.

> A.  *The June 1987 and February 1990 robbery convictions*

We decided that robbery offenses under subsections (a)(1)(i), (a)(1)(ii), and

(a)(1)(iv) of the robbery statute in effect at the time of Defendant's convictions, 18 Pa.

Cons. Stat. Ann. § 3701 (former version), qualified as violent felonies under the ACCA,

*Harris*, ____ F. Supp. 3d at ____, 2016 WL 4539183, at *16, but that a conviction under

subsections (a)(iii) or (a)(1)(v) did not.  *Id.*

The government has provided us with certain *Shepard* documents from the

state-court robbery convictions.  The pertinent documents are the informations charging

the robberies, the guilty-plea-colloquy forms, and a plea-negotiation form.  For the 1987

conviction, the information charged that Harris:

> did intentionally, knowingly or recklessly, in the course of
> committing a theft, inflict or threaten to inflict serious bodily
> injury upon another or intentionally put another in fear of
> immediate serious bodily injury.

(Doc. 45-1, Ex. A, ECF p. 4).  The information cited 18 Pa. Cons. Stat. Ann. §

3701(a)(1)(i) and (ii).

For the 1990 conviction, there are two informations, each charging robbery

occurring on the same day but having different victims.  The first information charged that

Harris:

> did intentionally, knowingly or recklessly, in the course of
> committing a theft, inflict or threaten to inflict bodily or serious
> bodily injury upon another or intentionally put another in fear
> of immediate bodily or serious bodily injury.

(Doc. 45-2, Ex. B, ECF p. 13).  The information cited 18 Pa. Cons. Stat. Ann. §

3701(a)(1)(i), (ii), and (iv).  The guilty-plea-colloquy form indicates that each robbery

conviction was a first-degree felony.  (*Id.*, ECF p. 9).  The second information used

identical language and also cited subsections 3701(a)(1)(i), (ii), and (iv).  (*Id.*, ECF p. 14).

The government argues that the 1987 conviction qualifies as a violent

felony because Defendant pled guilty, as charged in the information, to violations of

subsections (a)(1)(i) and (ii), which we have decided qualify as violent felonies under the

ACCA.  The two 1990 robbery convictions also qualify as violent felonies because

Defendant pled guilty to violations of subsections (a)(1)(i), (a)(1)(ii), as well as subsection

(a)(1)(iv).  As noted above, we decided that the latter subsection also qualifies as a violent felony.  The government adds that the notation in the guilty-plea-colloquy form that the 1990 robbery convictions were first-degree felonies indicates that Defendant pled guilty to robbery under subsection (a)(1)(i) or (a)(i)(ii).

For the reason advanced by Defendant, we disagree that any of these robberies are violent felonies.  Each of the robbery counts charged that Defendant acted "intentionally, knowingly or recklessly."  As noted in *Harris*, a conviction based on recklessness cannot be a violent felony, ____ F. Supp. 3d at ____, 2016 WL 4539183, at *16, and for our purposes the informations, guilty pleas, and other documents establish only that he pled guilty to recklessly committing robberies.  *See United States v. Otero*, 502 F.3d 331, 335 n.5 (3d Cir. 2007)(indictment charging that simple assault was committed intentionally, knowingly or recklessly was insufficient to establish intentional nature of the assault so that it could qualify as a guidelines crime of violence justifying a sentence enhancement).[3]

Since Defendant has only one qualifying offense, the drug-trafficking offense, the ACCA enhancement does not apply to him.

---

[3] We note that recklessness is not listed as an element of the statutory offense of robbery at issue in this case.  *Harris*, ____ F. Supp. 3d at ____, 2016 WL 4539183, at *16.

B. *Calculation of the sentencing range without an ACCA enhancement*

In the presentence report (PSR), on the basis of Defendant's status under the ACCA as an armed career criminal, Defendant's adjusted offense level was set at 33. (PSR ¶ 16, citing U.S.S.G. § 4B1.4(b)(3)(B)).  After a three-point reduction for acceptance of responsibility lowered the total offense level to 30, with a criminal history category of IV, the sentencing range was calculated to be 135 to 168 months.  (PSR ¶ 45).  However, since the mandatory minimum sentence under the ACCA was fifteen years, the guidelines range became 180 months.  (PSR ¶¶ 44 and 45).  As noted, Defendant was sentenced to 180 months.

Defendant points out that, without the ACCA enhancement, his adjusted offense level would have been 28, not 33.  (PSR ¶ 15).  With a three-point reduction for acceptance of responsibility lowering the total offense level to 25 and a criminal history category of IV, the sentencing range would have been 84 to 105 months.[4]  Additionally, the statutory maximum sentence without an ACCA enhancement is ten years.  *See* 18 U.S.C. § 924(a)(2).  He requests that his sentence be reduced to 120 months.  Further, because Defendant has already served more than the ten-year maximum,[5] he objects to an alternative sentence of time served.  The government does not address the

---

[4]  Defendant's criminal history category would have been IV regardless of the ACCA. (PSR ¶ 27).

[5]  Defendant represents that he has been in custody since August 8, 2006.  (PSR at p. 1).

sentencing issues in this case or the form of relief on the sentence Defendant requests,

so we will grant the sentencing relief requested.

We will issue an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: October 26, 2016